IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TONA M. DEMERS**  PLAINTIFF

v.  CASE NO. 4:25-CV-00453-BSM

**NATIONSTAR MORTGAGE LLC**  DEFENDANT

## ORDER

Tona DeMers's request for a temporary restraining order ("TRO") enjoining the foreclosure sale of her Florida home [Compl. ¶ 47] is denied.

DeMers used her home in Florida to secure a loan in 2007, and Taylor, Bean & Whitaker serviced the loan until it transferred loan servicing to Ocwen Loan Servicing in 2009. Compl. ¶ 8. Ocwen filed a foreclosure action against DeMers in 2010 but then transferred the loan to Nationstar Mortgage in 2013. Id. at ¶¶ 9-10, 14. Nationstar filed a second foreclosure proceeding in 2017, which was fully litigated in Florida. *Tona M. DeMers v. Nationstar Mortgage*, LLC 2023 WL 6849758, at *12.

After a two day trial, the Florida court ruled that Nationstar was entitled to foreclose on the loan. *Id.* DeMers appealed and the Florida Court of Appeals affirmed on August 13, 2024. DeMers sought a rehearing on two occasions but her requests were denied. *Demers v. Nationstar Mortg.*, LLC, 392 So. 3d 197 (Fla. Dist. Ct. App. 2024) (reh'g denied (Aug. 30, 2024), reh'g denied (Nov. 15, 2024)). Now, on the eve of the foreclosure sale, DeMers is bringing this lawsuit to stop the foreclosure alleging that Nationstar has violated the Racketeer Influenced and Corrupt Organizations Act, the Real Estate Settlement Procedures

Act, and has committed fraud.

It is well-settled that DeMers must meet four requirements to obtain a TRO, and they are that: (1) she will suffer irreparable harm if it is not granted; (2) the harm she will suffer if it is not granted outweighs the harm to Nationstar if it is granted; (3) she is likely to succeed at trial; and (4) the public interest supports an injunction. *See Dataphase Sys., Inc. v. C L Sys., Inc.,* 640 F.2d 109, 114 (8th Cir. 1981) (en banc). The problem DeMers has is that the record indicates that she is unlikely to succeed at trial. This is true because, although DeMers shrouds her claims in federal language, she is really just seeking to reverse the rulings of the Florida court, and that is inappropriate. See *Dittmer Props., L.P. v. F.D.I.C.,* 708 F.3d 1011, 1018 n.6 (8th Cir. 2013) (it is improper for a federal district court to review state court decisions). DeMers has had full opportunity to litigate her claims in Florida, and it is unlikely that she can present anything new that will permit her to obtain the relief she seeks.

IT IS SO ORDERED this 12th day of May, 2025.

_____
UNITED STATES DISTRICT JUDGE